UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL C. GONCALVES,

Plaintiff,

v.

DANIEL DRISCOLL, et al.,

Defendants.

Case No. 25-cv-07242-JD

**ORDER RE IFP APPLICATION, DISMISSAL, AND STAY**

Pro se plaintiff Michael Goncalves filed a "petition for federal intervention" naming several United States Army officials as defendants with respect to a request under the Freedom of Information Act, 5 U.S.C. §§ 552 *et seq.* Dkt. No. 1. Goncalves asks to proceed in forma pauperis ("IFP"). Dkt. No. 2. The request is granted in part, but the complaint is dismissed with leave to amend.

IFP requests are evaluated under 28 U.S.C. § 1915, and the first question is whether the plaintiff's financial status excuses payment of the court's filing fee. The information Goncalves provided warrants a reduction of the filing fee, but not a complete elimination of it. Goncalves is required to pay 50% of the filing fee due in this case, and a payment of $202.50 must be made by no later than June 29, 2026.

The next question is whether the complaint is sufficient to stand, and the answer is no. The Court may "at any time" dismiss an IFP complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). The standard is the same as under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). As a pro se plaintiff, Goncalves gets a liberal construction of his complaint and the benefit of any doubts, but he still must satisfy the requirements of Rule 8 and state facts sufficient to allege a plausible claim.

*Nguyen Gardner v. Chevron Capital Corp.*, No. 15-cv-1514-JD, 2015 WL 12976114, at \*1 (N.D. Cal. Aug. 27, 2015).

The complaint is a compilation of largely unintelligible statements about a FOIA request that Goncalves made to the Army. The complaint indicates that the Army gave a "no records" response to the request. *See* Dkt. No. 1 at ECF p. 6. Goncalves takes issue with the response, but the complaint does not allege any facts that might plausibly show it was deficient or misleading in any way. Overall, it is impossible to ascertain what Goncalves alleges as a possible claim, and the facts that might make the claim plausible.

Consequently, the complaint is dismissed. Goncalves may file an amended complaint by June 29, 2026. He is advised to state his claim plainly, and to support it with facts. A failure to meet the filing deadline or conform to this order will result in dismissal of the case under Federal Rule of Civil Procedure 41(b).

Pending further order, the case is stayed in all other respects.

**IT IS SO ORDERED.**

Dated:  May 21, 2026

JAMES DONATO
United States District Judge

United States District Court
Northern District of California

2